UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICELLE MOHNEY,<br>Plaintiff, | DOCKET NO.: 3:03CV421 (AWT) |
| vs. | US DISTRICT COURT<br>HARTFORD CT |
| BOB'S INC. AND ERIC NIEDMANN<br>Defendants. | September 4, 2003 |

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S
### MOTION TO AMEND COMPLAINT AND JOIN ADDITIONAL DEFENDANT

Pursuant to Rules 20 and 15 of the Federal Rules of Civil Procedure, plaintiff in the above-captioned action has moved for leave to join Eric Niedmann as a party defendant, and to amend her Complaint to include the additional defendant in the pleadings. The following is offered in support of that Motion.

### STATEMENT OF FACTS:

This is an employment discrimination case based upon gender discrimination. Plaintiff had filed her claims first in the Connecticut Commission on Human Rights and Opportunities ("CHRO") and the U.S. Equal Employment Opportunity Commission ("EEOC"). In her administrative complaints she had named Eric Niedmann, her former supervisor, as an individual respondent, as well as naming her former employer Bob's, Inc. Mr. Niedmann participated in the CHRO proceedings and was therefore always aware that he was a party to the case.

Mr. Niedmann was inadvertently omitted as a defendant when the case was filed with this Court. Under the agreements contained in the parties' Planning Conference Report, as set forth in the Form 26(f) and as approved by this Court, plaintiff has until September 15, 2003 to add parties and amend her pleadings.

## LEGAL ARGUMENT:

Under Rule 15, Federal Rules of Civil Procedure, a party is permitted to amend her pleadings "by leave of court or by written consent of the adverse party." Rule 15(a). The amendment relates back to the commencement of the action, if the claims "asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading." Rule 15(c)(2). So long as the newly named defendant is not prejudiced in his ability to defend the action by any delay, the amendment that names him relates back to the commencement of the action.

In the case at bar, the defendant consented in writing to allow plaintiff to amend her complaint and add parties through September 15, 2003, in the Form 26(f). The Court, in approving that Form 26(f) granted its consent to such amendment and addition of parties through September 15. The new proposed defendant, Eric Niedmann, participated in the defense of this action at the administrative level and was still an official of Bob's, Inc. at the time of commencement of this federal court action. Plaintiff submits there is no prejudice to Mr. Niedmann, whose conduct and actions have always been at issue in this case.

Upon the granting of this Motion, plaintiff will promptly make service upon Mr. Niedmann individually.

## CONCLUSION

For all of the foregoing reasons, the Court should permit plaintiff to amend her pleadings, name the new party defendant, and serve him with the Amended Complaint in this action.

> RESPECTFULLY SUBMITTED,
> PLAINTIFF
>
> By _____
> Judith D. Meyer
> Fed Bar No.: CT04976
> Law Office of Judith D. Meyer
> 152 Simsbury Road
> P.O. Box 451
> Avon, CT 06001-0451
> Tel. (860) 678-7711
> Fax (860) 677-6832
> e-mail: judithdmeyer@igc.org

## CERTIFICATION

This is to certify that a copy of the foregoing was sent via first-class mail, postage prepaid, this 4th day of September, 2003, to the following counsel of record:

Courtney S. Lane, Esq.
Cain Hibbard Myers & Cook PC
66 West Street
Pittsfield, MA 01201-5764

_____
Judith D. Meyer